IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NUMBER 1:16-CR-00076-TH |
| v. | § | 1:04-CR-122-TH |
| | § | |
| | § | |
| DANIEL J. REDDEN | § | |
| | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed December 7, 2016, alleging that the Defendant, Daniel J. Redden, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

A.  1:16-CR-76

Redden was sentenced on July 18, 2000, before The Honorable Lyle E. Strom of the District of Nebraska after pleading guilty to the offense of Conspiracy to Distribute Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of VI, was 130 to 162 months. Redden was subsequently sentenced to 130 months' imprisonment followed by a 5-year term of supervised release, subject to the standard conditions of supervision, plus special conditions to include abstaining from the use of alcohol,

search and seizure, participation in drug treatment and testing, financial disclosure, and a $100 special assessment. On August 17, 2001, the imprisonment sentence was reduced to 100 months. On January 15, 2016, Daniel J. Redden completed his period of imprisonment and began service of the supervision term. On July 7, 2016, jurisdiction of this case was transferred to the Eastern District of Texas District of Texas, and the case was assigned to The Honorable Thad Heartfield.

B.   1:04-CR-122

Redden was sentenced on February 18, 2005, before The Honorable Thad Heartfield of the Eastern District of Texas after pleading guilty to the offense of: Escape from Federal Custody, a Class D Felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of VI, was 41 to 51 months. Redden was subsequently sentenced to 51 months' imprisonment followed by a 3-year term of supervised release subject to the standard conditions of supervision, plus special conditions to include participation in drug treatment and testing, anger management, mental health treatment, financial disclosure, no new debt, a $100 special assessment, and $6,692.72 in restitution.

## II. The Period of Supervision

On January 15, 2016, Redden completed his period of imprisonment on both convictions and began service of the five year supervision terms.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising five allegations. The petition alleges that Redden violated the following conditions of release:

Allegation 1. The Defendant shall not commit another federal, state, or local crime.

Allegation 2. The Defendant shall not illegally possess a controlled substance.

Allegation 3. The Defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

Allegation 4. The Defendant shall not leave the judicial district without permission of the Court or probation officer.

Allegation 5. The defendant shall notify the probation officer ten days prior to any change of residence or employment.

### IV. Proceedings

On January 27, 2017, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the second allegation: that he failed to refrain from the illegal possession of a controlled substance. In return, the parties agreed that he should serve two concurrent terms of imprisonment of 21 months, with no supervised release to follow.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except

that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction for the 1:04CR122 (Escape from Federal Custody) charge was a Class D Felony, therefore, the maximum imprisonment sentence is 2 years. The original offense of conviction for the 1:16CR76 (Conspiracy to Distribute Methamphetamine) charge was a Class B Felony, therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to refrain from possessing a controlled substance, the Defendant will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade B violation, the court shall revoke the term of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of VI, the policy statement imprisonment range is 21 to 27 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. See U.S.S.G. Ch. 7 Pt. A; United States v. Price, 519 F. App'x 560, 562 (11th Cir. 2013).

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release by illegally possessing a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 21 to 27 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. If the Court adopts this recommendation to sentence the Defendant to 21 months for his violation of a Grade B violation (possessing an illegal controlled substance), along with his period of incarceration on state charges, Redden will serve most of his original supervised release term *in* prison. While the court could impose an additional term of supervised release to follow, it is worth

noting that Redden is currently on state parole until 2029. The undersigned finds that the level of supervision imposed by Redden's state parole is sufficient and does not recommend an additional term of supervised release to follow his term of imprisonment on the federal charges.

Accordingly, the sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 21 months, with no term of supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the second allegation in the petition. This allegation claims he violated a mandatory condition of supervised release by failing to refrain from possessing an illegal controlled substance. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 21 months' imprisonment, with no term of supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Sumterville , Florida (U.S.P Coleman II). The Defendant's request should be accommodated, if possible.

## VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of January, 2017.

_____
Zack Hawthorn
United States Magistrate Judge